IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD C. STEM,                          )
                                          )
            Plaintiff,                    )
                                          )
      vs.                                 )    Civil Action No. 2:19-725
                                          )
ANDREW M. SAUL, Commissioner of           )
Social Security,                          )
                                          )
            Defendant.                    )
                                          )

AMBROSE, Senior District Judge

**OPINION**
and
**ORDER OF COURT**

**SYNOPSIS**

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 16 and 18]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 17 and 19]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment [ECF No. 16] and denying Defendant's Motion for Summary Judgment. [ECF No. 18].

**I. BACKGROUND**

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") and for Supplemental Security Income ("SSI") under Title XVI of the Act. Plaintiff applied for DIB and SSI on or about November 20, 2017. [ECF No. 8-8 (Exs. 2D, 3D)]. In his applications, he alleged that since October 10, 2017, he had been disabled due to epilepsy with seizures, lower back injury, and depression. [ECF No. 8-9 (Ex. 3E)].

1

Administrative Law Judge ("ALJ") John A. Fraser held a hearing on September 12, 2018, at which Plaintiff was represented by counsel. [ECF No. 8-3]. Plaintiff appeared at the hearing and testified on his own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 76-84. In a decision dated November 15, 2018, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 8-2, at 21-35]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and the Appeals Council denied Plaintiff's request for review. [ECF No. 8-2]. Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.   [ECF Nos. 16 and 18]. The issues are now ripe for my review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).   "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry

differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §§ 404.1520, 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§ 404.1520, 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

3

**B.      WHETHER THE ALJ IMPROPERLY DISCREDITED PLAINTIFF'S NEUROLIGIST'S ABILITY TO ASSESS "MARKED" RESTRICTIONS**

At Step Two of his analysis, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, epilepsy, depression, anxiety, and substance addiction (drugs). [ECF No. 8-2, at 23-24]. The ALJ further found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals a listed impairment, including Listings 12.04 and 12.06 or any of the listings in sections 1.00 (musculoskeletal impairments) or 11.00 (neurological disorders). Id. at 24-26. The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that he is able to frequently climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; he can never climb ladders and scaffolds, he is not to be exposed to unprotected heights or moving machinery; he is able to understand, remember, and carry out simple instructions; he is able to tolerate occasional interactions with public, supervisors, and co-workers; and he is able to tolerate one or two changes per week in an otherwise stable work routine. Id. at 26-34. The ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform, including merchandise marker, routing clerk, and photocopy machine operator. Id. at 34-35.

Here, Plaintiff argues that the ALJ erred in discrediting the medical opinions of his neurologist, Dr. Lanciano. [ECF No. 17, at 9-12]. Dr. Lanciano completed an "Epilepsy/Seizures Medical Source Statement" on or about October 30, 2017, and a follow-up "Medical Questionnaire" on August 21, 2018. [ECF Nos. 8-13 (Ex. 5F) and 8-16 (Ex. 12F)].[1]  In the October

---

[1] Under the applicable regulations at the time of Plaintiff's application, the ALJ was not required to give any "specific evidentiary weight, including controlling weight, to any medical opinion." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, the ALJ was required to evaluate "other medical evidence," including functionality opinions from treating physicians, id. §§ 404.1513(a)(3); 416.913(a)(3), based on several factors, id. §§ 404.1520c(c)(1)-(c);  416.920c(c)(1)-(c)(5), with a focus on consistency and supportability, id. §§ 404.1520c(a); 416.920c(a). Consistency and supportability are the only factors ALJs must address in their written opinions. Id. §§ 404.1520c(b); 416.920c(b).

4

2017 statement, Dr. Lanciano noted, inter alia, that Plaintiff had been treating with him for epilepsy since March 1, 2017 and that Plaintiff's epilepsy caused convulsive seizures with loss of consciousness. Plaintiff's seizures involved the presence of aura, tongue bites or other injuries, loss of sphincter control, and loss of bladder control. [ECF No. 8-13 (Ex. 5F)]. Postictal (post-seizure) phenomena included confusion, muscle strain, irritability, and exhaustion. Id. Dr. Lanciano also indicated that stress and/or exertion could precipitate Plaintiff's seizures and opined that Plaintiff was not capable of even "low stress" work. Id. He further noted that Plaintiff had mental problems associated with his epilepsy that included depression, anxiety, and memory problems. Id. Dr. Lanciano additionally opined that Plaintiff would need to take unscheduled breaks at work, would experience "good days" and "bad days", and would likely be absent from work about four days per month. Id. On the August 2018 follow-up questionnaire, Dr. Lanciano agreed that all of the restrictions in the October 2017 questionnaire remained accurate and that Plaintiff continued to experience mental confusion/ability to concentrate; fatigue/exhaustion/malaise, irritability/argumentativeness; and difficulty identifying and solving problems. [ECF No. 8-16 (Ex. 12F)]. He also opined, inter alia, that Plaintiff continued to have marked impairments in his ability to interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. Id.

In his opinion, the ALJ rejected Dr. Lanciano's assessment of "marked" restrictions as beyond the expertise of a neurologist. Specifically, he stated that:

> [t]he doctor's "marked" limitations related to the mental area of functioning are not persuasive because of another factor – that is Dr. Lanciano is a neurologist, not a mental health professional, and so his opinion exceeds his area of expertise and treatment.

[ECF No. 8-2, at 31]. Plaintiff challenges this assessment, arguing that, to the contrary, Dr. Lanciano's specialty rendered him especially qualified to opine on Plaintiff's cognitive functioning

related to his epilepsy. [ECF No. 17, at 9-10]. I share Plaintiff's concerns. The ALJ provides no explanation or support for his insinuation that a neurologist lacks the expertise to opine on cognitive limitations associated with epilepsy. Indeed, as Plaintiff points out and as further discussed below, Social Security Listing category 11.00 – entitled **Neurological** Disorders (and which includes epilepsy) – *requires* an assessment of whether a claimant has "marked" restrictions in up to five different cognitive categories, including, in relevant part, the four categories on which Dr. Lanciano opined in his October 2018 questionnaire -- the ability to understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. It strains credulity to conclude that a *neurologist* lacks the expertise to opine on such characteristics expressly associated with a listed *neurological* disorder.

In so concluding, I make no findings as to the validity of the ALJ's remaining criticisms of Dr. Lanciano or the opinion evidence.[2] On remand, however, the ALJ must reevaluate Dr. Lanciano's opinions in their entirety, with the above considerations in mind. If the ALJ persists in claiming that Dr. Lanciano lacks the expertise to opine on the cognitive abilities at issue related to Plaintiff's epilepsy, he must point to specific authority supporting that conclusion.

## C. WHETHER THE ALJ FAILED TO EVALUATE PLAINTIFF'S CLAIM UNDER LISTING 11.02

In step three of the analysis set forth above, the ALJ must determine if the claimant's impairment meets or is equal to one of the impairments listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). An applicant is *per se* disabled if the impairment is equivalent to a listed impairment and, thus, no further analysis is necessary. Burnett v. Comm'r, 220 F.3d 112, 119 (3d Cir. 2000).   The Court of Appeals for the

---

[2] In this regard, however, I note that it is unclear whether the ALJ applied the correct standard for evaluating any of the medical opinion evidence. At the beginning of the RFC analysis, the ALJ states that he considered the opinion evidence "in accordance with the requirements of 20 C.F.R. 404.1527 and 416.927." [ECF No. 8-2, at 26]. Those regulations, however, pertain only to claims filed prior to March 27, 2017. See 20 C.F.R. §§ 404.1527, 416.927. Plaintiff filed his claim in November, 2017, and, therefore, the regulations set forth at 20 C.F.R. §§ 404.1520c; and 416.920c apply. The ALJ shall apply the proper standard on remand. See also supra n.1.

Third Circuit has held that:

> Putting the responsibility on the ALJ to identify the relevant listed impairment(s) is consistent with the nature of Social Security disability proceedings which are "inquisitorial rather than adversarial" and in which "[i]t is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits."

Burnett, 220 F.3d at 120, n.2 (quoting Sims v. Apfel, 530 U.S. 103 (2000)). Further, the ALJ must provide an explanation of his reasoning at step three in order for courts to engage in meaningful judicial review. See Burnett, 220 F.3d at 119-20 (holding that an ALJ's bare conclusory statement that an impairment did not match, or was not equivalent to, a listed impairment was insufficient). Subsequent decisions have clarified, however, that the ALJ's failure to cite a specific Listing at step three is not fatal provided that the ALJ's development of the record and explanation of findings permit meaningful review of the step-three conclusion. See Jones v. Barnhart, 364 F.3d 501, 503-05 (3d Cir. 2004); Lopez v. Comm'r of Soc. Sec., 270 F. App'x 119, 121-22 (3d Cir. 2008).

In this case, Plaintiff argues that the ALJ failed to evaluate appropriately whether his epilepsy met or equaled Listing 11.02. See 20 C.F.R. pt. 404, subpt. P, app.1 § 11.02. The applicable version of Listing 11.02 provides, in relevant part:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); or
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1. Physical functioning (see 11.00G3a); or
> 2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3. Interacting with others (see 11.00G3b(ii)); or

7

4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
5. Adapting or managing oneself (see 11.00G3b(iv)); or

D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
1. Physical functioning (see 11.00G3a); or
2. Understanding, remembering, or applying information (see 11.00G3b(i)); or
3. Interacting with others (see 11.00G3b(ii)); or
4. Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
5. Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. pt. 404, subpt. P, app.1 § 11.02 (2016). After careful review, I agree with Plaintiff that the ALJ's analysis of Listing 11.02, if any, was insufficient in this case.

As an initial matter, as Plaintiff correctly notes, the ALJ did not expressly address Listing 11.02 in his step three analysis. Rather, he summarily declared that Plaintiff's impairments, considered singly and in combination, did not meet or medically equal the criteria of Section 11.00. [ECF No. 8-2, at 24]. The ALJ further stated, in conclusory fashion, that the record did not "establish the medical signs, symptoms, laboratory findings, or degree of functional limitation necessary to meet the above or any other section of the Listings of Impairments." Id. The opinion proceeds to aver that it discusses the specific signs, findings, and functional limitations in the RFC analysis. Id. Although not *per se* fatal in and of itself, this cursory analysis of the 11.00 listings contrasts sharply with the ALJ's immediately subsequent almost-two-page analysis of Listings 12.04 and 12.06. Id. at 24-26. Moreover, for the reasons set forth in Plaintiff's brief and discussed below, I cannot confidently conclude that the decision, read as a whole, nevertheless illustrates that the ALJ considered the appropriate factors in reaching his conclusion that Plaintiff did not meet the requirements of Listing 11.02.

First, as Plaintiff points out, the ALJ appeared to misapprehend the applicable 11.02 criteria at the hearing. Specifically, when Plaintiff's counsel raised Listing 11.02, the ALJ commented that, to meet the Listing, Plaintiff would have to show evidence of seizure frequency despite adequate medication levels "supported with blood tests." [ECF No. 8-3, at 85-86]. The

applicable version of 11.02, however, does not require blood testing. See 20 C.F.R. pt. 404, subpt. P, app.1 § 11.00H(3) ("We do not require serum drug levels; therefore, we will not purchase them.").[3] Because the ALJ declined to elaborate on the 11.02 requirements in his opinion, it is unclear whether he considered the correct factors, even presuming he contemplated the listing in the RFC analysis. Second, many of the pertinent 11.02 criteria square directly with the factors that Dr. Lanciano addressed in his questionnaires. As set forth above, the ALJ must reevaluate Dr. Lanciano's opinions on remand. For this reason as well, I am unable to conclude at this juncture whether the ALJ's step three findings will remain the same after re-analysis.

In sum, although the evidence in no way requires a finding that Plaintiff's epilepsy satisfies the requirements of Listing 11.02, the ALJ's failure to discuss Plaintiff's impairment in the context of this listing precludes meaningful judicial review and requires remand on this issue.

## D. REMAINING ARGUMENTS

Plaintiff raises various other arguments in his brief, including allegations that the ALJ's hypothetical question to the VE failed to include certain impairments and limitations, and that the ALJ erred in his assessment of Plaintiff's medical marijuana use. [ECF No. 17 at 12-17]. Since I am remanding as set forth more fully above, I need not consider the details of these arguments at this time. A remand may produce different results on these claims, making discussion of them unnecessary and/or moot.

### III.   CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision

---

[3] Again, the ALJ may have confused the applicable version of 11.02 with the prior version of the listing, which did require blood test evidence of medication levels. See Rioux v. Saul, No. 2:18-CV-00233-AC, 2019 WL 3459068, at *4–6 & n.3 (E.D. Cal. July 31, 2019) ("The neurological disorder listings, including Listing 11.02, were revised effective September 29, 2016. See Revised Medical Criteria for Evaluating Neurological Disorders, 81 Fed. Reg. 43048 (July 1, 2016), available at 2016 WL 3551949. As relevant to plaintiff's argument here, the revised Listing 11.02 no longer requires consideration of serum drug levels."); see also SSR 87-6 (rescinded as obsolete).

and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing the Listings and Plaintiff's RFC, the ALJ failed to properly address Listing 11.02 or the opinion evidence from Plaintiff's neurologist. The case therefore is remanded for further consideration in light of this Opinion. In remanding on the points herein, I make no findings as to whether Plaintiff meets a Listing or otherwise is or is not disabled. I simply find that I cannot properly evaluate the ALJ's opinion on the record before me. For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD C. STEM,                          )
                                          )
              Plaintiff,                  )
                                          )
        vs.                               )    Civil Action No. 2:19-725
                                          )
ANDREW M. SAUL, Commissioner of           )
Social Security,                          )
                                          )
              Defendant.                  )
                                          )

AMBROSE, Senior District Judge

**ORDER OF COURT**

        AND NOW, this 6th day of August, 2020, after careful consideration of the submissions of

the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that

Plaintiff's Motion for Summary Judgment [ECF No. 16] is GRANTED to the extent that Plaintiff

seeks remand for further consideration and the matter is REMANDED to the Commissioner for

further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary

Judgment [ECF No. 18] is DENIED.

                                        BY THE COURT:


                                        /s/ Donetta W. Ambrose
                                        Donetta W. Ambrose
                                        U.S. Senior District Judge